**CINCINNATI (City) Appellant, v. WRIGHT, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6546. Decided October 15, 1945.

90

John D. Ellis, Cincinnati, and Robert J. Paul, Cincinnati, and Harry Meier, Cincinnati, for appellant.

Clifford E. Adams, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

The appellee was convicted of violating a municipal ordinance, requiring operators of motor vehicles to yield the right of way to pedestrians lawfully crossing the roadway within crosswalks. (Section 74-75 of the Code of Ordinances of the City of Cincinnati.) The penalty for such violation was a fine of not more than $50.00 for a first offense. (Section 74-140, Code of Ordinances.) By another section of the same ordinance it was provided that upon conviction the court might "in addition to and independent of all other penalties provided in this chapter, prohibit such person from operating or driving a motor vehicle for a period of not to exceed one (1) year." (Section 74-142 of the Code of Ordinances.)

The appellee was fined $25.00 and prohibited from operating an automobile for 30 days.

At the trial the appellee demanded that he be accorded a trial by jury. This demand was refused.

The appellee appealed from his conviction to the Common Pleas Court, which reversed the judgment and remanded the cause to the Municipal Court for further proceedings. The City of Cincinnati appealed from that judgment of reversal to this Court.

The sole question presented is, whether the Municipal Court erred in refusing the demand for a trial by jury.

As the use of the public highways has relation to the public safety, that ground alone is sufficient to bring their use within the regulatory power of the state in the exercise of its police power; and the granting of licenses to competent operators of motor vehicles and the withholding of licenses from incompetents, and the suspension or revocation of those granted to such as are thereafter found to be incompetent is a well recognized method of the exercise of such regulatory power. This power is stated in 5 Am. Jur., 591, as follows:

"The right to operate motor vehicles in public places is not a natural and unrestrained right, but a privilege subject to reasonable regulations in the interest of the public under the police power of the state. The police power has been exercised in many states by requiring chauffeurs and other op-

erators of motor vehicles to obtain a license as a condition precedent to such operation."

And, at page 593:

"The statutes regulating the granting of operators' licenses or drivers' permits usually provide for their revocation. It is competent for the legislature to prescribe the conditions under which the privilege of operating an automobile on the public highways may be exercised."

This regulatory power, like all other phases of the police power, is legislative and administrative, and when properly exercised presents no occasion for the exercise of the judicial power. It is said in 33 Am. Jur., 391, that:

"The offense of violating a legislative enactment by engaging in a business without a license is not one as to which there is a constitutional right to trial by jury. Accordingly, the legislature may confer on justices of the peace final jurisdiction to hear and determine without a jury, prosecutions for conducting a business without a license. It is also to be observed that the legislature may delegate to an administrative board or official the right to revoke a license."

Permits may be granted, withheld or revoked, and valuable property destroyed by administrative officers, and it is only when this great power is abused that constitutional guaranties are violated and recourse to the courts permitted for redress of the injury. We quote from 12 Am. Jur., 325:

"A hearing of a judicial nature is not essential where the state is engaged in the exercise of the police power.—Judicial proceedings are not necessary to a revocation of a license to practive medicine or the license of a architect."

That this power exists in Ohio and is exercised through administrative officers is not challenged. The instances of its exercise are too numerous to justify specification. 8 O. Jur. 306, et seq.

It was in the exercise of this power that the General Assembly enacted §6296-18b, which authorizes the registrar of motor vehicles, whenever he has good cause to believe that

a licensed operator is incompetent or otherwise not qualified to be licensed to require him, upon five days' notice to submit to an examination, and, if upon such examination he is found to be incompetent, he may suspend or revoke the license. From this order, an appeal to the courts is provided, but no provision for trial by jury before the registrar or the court is made; and the courts are expressly prohibited by §6296-34 GC, from interfering with the registrar in any way other than as provided by the statutes.

It is clear, therefore, that where the sole issue is whether a license should be granted, revoked or suspended, there is no right to have that issue submitted to a jury.

Now has a right to trial by jury been conferred when the suspension of the license is made by a court upon conviction of a violation of a law or ordinance relating to reckless driving, when the right to trial by jury of the offense charged does not exist?

Authority is conferred by §6296-30 GC, upon all courts of record having jurisdiction to hear and determine charges of operating a motor vehicle in violation of laws or ordinances relating to reckless operation, upon conviction "In addition to or independent of, all other penalties provided by law, to suspend or revoke the license of the convicted person. Nothing is said in this section about trial by jury. The only place where it is mentioned is in §6296-16 GC. That section, so far as pertinent here, confers county-wide jurisdiction upon all courts of record to hear and determine cases arising under the provisions of the Drivers' License Law, and as to the form of the prosecution provides that: "Such actions shall be commenced by the filing of an affidavit **and the right of trial by jury as provided by law shall be preserved,** but indictments shall not be required in misdemeanor cases arising hereunder."

It should be observed here that the appellee was not charged with a violation of any provision of the Drivers' License Law, or any other law for that matter. He was charged with violating a municipal ordinance which would seem to make inapplicable this provision of §6296-16 GC.

But assuming that the prosecution is of the kind mentioned in the section, we must still inquire whether it entitles the appellee to a trial in this case where the maximum punishment was $50.00.

**Sec. 6296-16 GC,** does not create or bestow a right to trial by jury. All it does is to preserve such right as then existed.

We must look elsewhere to find the cases in which such right existed at that time. And we look in vain for any constitutional or statutory provision conferring the right to trial by jury where the sole issue is the revocation of a license. We do find that by §13443 GC, the right of trial by jury exists in all cases for the violation of statutes and ordinances "except in cases where the penalty involved does not exceed a fine of fifty dollars."

It is argued that because the ordinance authorizes the court, upon conviction, to suspend or revoke the license, the penalty exceeds fifty dollars and brings the case within the class in which the accused is entitled to a trial by jury. This conclusion can only be reached by causing §6296-16 GC, to create a right to trial by jury where the right did not exist theretofore, whereas, its expressed purpose was not to create but only to preserve the existing right. The word "preserve" as used in the VII Amendment to the United States Constitution has uniformly been construed not to create a right to trial by jury, where it had not theretofore existed, but simply to continue the right in such cases and in such manner as existed at common law. And notwithstanding the positive language of Section 2 of Article III of the United States Constitution that "The trial of all crimes, except in cases of impeachment, shall be by jury," the section has always been construed to preserve trial by jury in those cases, and only those cases in which there was the right to trial by jury at common law, and, therefore notwithstanding Section 2 of Article III there was no right to trial by jury in the Federal Courts for a petty offense because there was no right to trial by jury in such cases at common law. U. S. v Moreland, 258 U. S., 433, District of Columbia, 300 U. S. 617.

Webster defines preserve as meaning "to maintain; to retain; to keep intact or in existence." In none of its uses does it connote creating something or extending an existing thing or status.

But it is argued that because the statute and ordinance in conferring this power upon the court used the language "in addition to, and independent of all other penalties" that constitutes a definition of the revocation of a license as a punishment for the offense. We think it clear that the language used refers to the fine or imprisonment or both imposed by the law defining the crime, and does not in any way characterize the revocation of the license as a part of

the punishment. It was not necessary to refer to it in general terms, because it was specifically described in the sentence. "Other penalty" as used distinguishes the license revocation from the punishment. It does not express identity or similitude. And the statute and ordinance both disassociate it from the punishment by the provision that it shall be considered independent of all other penalties, that is, not dependent, not contingent or conditioned, having a separate status.

The use of the word "penalty" cannot control the context so as to make the revocation or suspension of the license a part of the punishment. It is not a term whose meaning is confined to punishment for crime. It has a broader meaning. In the law of contracts it is used as contra-distinguished from liquidated damages. It is also used to indicate the sum to be forfeited upon breach of a bond. And in common parlance it expresses any disadvantage resulting from an act.

Under the Ohio Constitution, the General Assembly has power to provide for prosecution for crime without the intervention of a jury in all cases except when imprisonment is made a part of the punishment, which may be imposed. **State v Inwood, 42 Oh St 186.** When the punishment is by fine only, the fact that imprisonment may be used as a means of enforcing the fine does not give the accused a constitutional right to a trial by jury. Id. As the ordinance violated by appellee makes no provision for imprisonment for such violation, it does not come within the class to which the constitutional right to a jury trial attaches. The suspension of his license is not imprisonment. Nor is it a part of the fine. In 15 Am. Jur., 182, it is said: "Where the conviction of a person forfeits his right to carry on a business in which he was engaged, such forfeiture is not to be considered as a fine."

Nor are the costs of prosecution a part of the fine. Id. **Xenia v Smith, 34 Abs 620, 39 N. E. (2d) 191.** Appeal dismissed **139 Oh St 169.**

Of course, the General Assembly may provide for trial by jury beyond the constitutional requirement, and it has done that by §13443 GC, but, in our opinion, the case at bar does not present the facts entitling trial by jury as therein provided.

In Commonwealth v Burnett, et al., 274 Ky., 231 a question somewhat similar to that in this case was presented and the Court held, as stated in the third paragraph of the syllabus, that:

"A magistrate is not deprived of jurisdiction to try a de-

fendant on a charge of operating a motor vehicle while intoxicated by fact that the defendant's license may be revoked by the circuit court on recommendation of the magistrate in addition to the imposition of a fine not exceeding $500 and confinement not exceeding 6 months, notwithstanding that a magistrate's jurisdiction is limited to cases in which the punishment shall not exceed a $500 fine or imprisonment not exceeding 12 months, or both, since revocation of the license is not an 'additional punishment,' but is a measure of 'preventive justice' designed for protection of the public. * * *"

And in Commonwealth v Harris, 278 Ky., 218, the Court re-affirmed its holding, stating in the fourth paragraph of the syllabus that:

"Suspension of driving license of one convicted of operating automobile while intoxicated is not part of penalty for such offense, not penalty in addition to judgment of conviction, but merely forfeiture of conditional temporary permit for licensee's failure to observe conditions under which license was issued."

For these reasons, the judgment of the Court of Common pleas is reversed; and that of the Municipal Court of Cincinnati, is affirmed.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur in syllabus, opinion & judgment.