The STATE of Ohio, Appellant,

v.

SUMMERS, Appellee.

[Cite as *State v. Summers* (1990), 71 Ohio App.3d 1.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59927.

Decided Dec. 31, 1990.

*John T. Corrigan,* Prosecuting Attorney, and *L. Christopher Frey,* Assistant Prosecuting Attorney, for appellant.

*Richard M. Summers,* for appellee.

---

*Per Curiam.*

Plaintiff-appellant, the state of Ohio (the "state"), appeals from the trial court's granting of defendant-appellee Gary Summers' application for expungement. Specifically, the state argues defendant was not entitled to expungement of his record because he had not complied with the trial court's order requiring defendant to pay court costs. Hence, defendant had not completed his sentence, was not discharged for purposes of R.C. 2953.32(A), and was not entitled to the granting of his application for expungement.

The state relies on this court's decision in *State v. Braun* (July 7, 1983), Cuyahoga App. No. 46082, unreported, 1983 WL 5542, wherein we held that the defendant was not entitled to expungement of his record because he failed

to pay his fine, thereby not completing his sentence. However, in this case, the state argues defendant did not pay his court costs. Court costs are not a part of a fine. *Cincinnati v. Wright* (1945), 77 Ohio App. 261, 268, 33 O.O. 23, 26–27, 67 N.E.2d 358, 362. Moreover, "[t]he duty to pay court costs is a civil obligation arising from an implied contract." *Strattman v. Studt* (1969), 20 Ohio St.2d 95, 49 O.O.2d 428, 253 N.E.2d 749, paragraph six of the syllabus.

Hence, court costs are not a part of a criminal sentence. Therefore, defendant's failure to pay the court costs does not result in his sentence not being served. As such, the record indicates he was entitled to the granting of his application for expungement.

Accordingly, the state's assignment of error is overruled.

*Judgment affirmed.*

PATTON, C.J., JOHN V. CORRIGAN and FRANCIS E. SWEENEY, JJ., concur.