The Honorable Jim Luker State Senator P.O. Box 216 Wynne, AR 72396
Dear Senator Luker:
You have presented the following question for my opinion:
 Can cities collect an additional $5.00 fine under the authority of A.C.A. § 16-17-129 in cases involving seat belt violations?
RESPONSE
It is my opinion that cities can collect an additional $5.00 fine under the authority of A.C.A. § 16-17-129 in cases involving seat belt violations.
A.C.A. § 16-17-129 states:
 (a)(1) In addition to all fines now or as may hereafter be provided by law, each city of the first class, city of the second class, and incorporated town, and county in this state may levy and collect an additional fine not to exceed five dollars ($5.00) from each defendant who pleads guilty or nolo contendere to, is found guilty of, or forfeits bond for any misdemeanor or traffic violation in the municipal court or city court of the city, or town, or county.
A.C.A. § 16-17-129 (as amended by Acts 2003, No. 1188).
The question of whether the above-quoted statute applies to cases involving seat belt violations arises out of A.C.A. § 27-37-706. That statute is part of the set of statutes governing mandatory seat belt use. It states:
 (a) Any person who violates this subchapter shall be subject to a fine not to exceed twenty-five dollars ($25.00).
 (b) When a person is convicted, pleads guilty, pleads nolo contendere, or forfeits bond for violation of this subchapter, no court costs or other costs or fees shall be assessed.
A.C.A. § 27-37-706.
This statute prohibits the imposition of additional court costs andfees. It does not prohibit additional fines. Courts have traditionally distinguished between "fines," which are intended to be punishment for the offense in question, and court costs or fees. This distinction has been recognized and articulated in Arkansas, see, e.g., Jarrett v. Cityof Marvell, 69 Ark. App. 98 (2000), as well as in other jurisdictions.See, e.g., State v. Henderson, 491 So.2d 647 (La. 1986); Gantt v. State675 A.2d 581 (Md.App. 1996); State v. Claborn, 879 P.2d 169 (Okl.Cr. 1994); State v. Summers, 592 N.E.2d 905 (Ohio App. 8 Dist. 1990). For this reason, I interpret the prohibition that is stated in A.C.A. §27-37-706(b) not to preclude the imposition of additional fines, such as the $5.00 fine that is permitted under A.C.A. § 16-17-129.
It is my opinion further that the phrase "a fine not to exceed
twenty-five dollars," as used in A.C.A. § 27-37-706(a) (emphasis added), also does not preclude the imposition of a separate, additional fine. I base this conclusion on two factors. First, almost all statutes that impose a fine for a criminal offense state an upper limit for that fine. Thus, to interpret A.C.A. § 16-17-129 not to apply to fines for which upper limits are stated would render A.C.A. § 16-17-129 almost meaningless, because there would be practically no situation in which it could be applied. The Arkansas Supreme Court has held that it is inappropriate in interpreting statutory language to give such language an interpretation that would result in an absurdity, or to presume that the legislature enacted a vain and meaningless law. See Yarbrough v. Witty,336 Ark. 479, 987 S.W.2d 257 (1999); Lawhon Farm Servs. v. Brown,335 Ark. 272, 984 S.W.2d 1 (1998); Citizens To Establish A Reform Party v.Priest, 325 Ark. 257, 926 S.W.2d 432 (1996); Henson v. Fleet MortgageCo., 319 Ark. 491, 892 S.W.2d 250 (1995); Neely v. State, 317 Ark. 312,877 S.W.2d 589 (1994); Death and Total Permanent Disability Trust Fundv. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293 (1992). Second, it is my opinion that the "not to exceed" language refers only to the fine imposed under the authority of A.C.A. § 27-37-706, and does not preclude the imposition of a separate fine. That is, the fine authorized under A.C.A. § 27-37-706 cannot exceed $25.00, but a separate fine can be imposed under the authority of other law, even if the imposition of that separate fine would cause the total of fines imposed to exceed $25.00.
For all of the above reasons, I conclude that cities can collect an additional $5.00 fine under the authority of A.C.A. § 16-17-129 in cases involving seat belt violations.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General