The Honorable Robert Thompson State Senator
414 West Court Paragould, Arkansas 72450-4293
Dear Senator Thompson:
This is response to your request for my opinion on the following question concerning Acts 209 and 308 of 2009:
 Does Arkansas Code Annotated § 27-37-706 prevent municipalities from assessing additional fees through Section 2 of Act 209 of 2009 on a seat belt violation as defined in Act 308 of 2009?
RESPONSE
In my opinion, the answer to your question is "no" regarding the additional fines that are addressed by Section 2 ofAct 209 of 2009. I emphasize the word "fines" to clarify that contrary to the wording of your question, Section 2 of Act 209 amended a statute — A.C.A. § 16-17-129 — that authorizes the levy of additional fines, not fees, to provide additional funding for jails.
This clarification is important because A.C.A. § 27-37-706 does prohibit the imposition of additional court costs and fees in cases involving seat belt violations. This statute, which is part of the set of statutes governing mandatory seat belt use, [1] provides: *Page 2 
 (a) Any person who violates this subchapter shall be subject to a fine not to exceed twenty-five dollars ($25.00).
 (b) When a person is convicted, pleads guilty, pleads nolo contendere, or forfeits bond for violation of this subchapter, no court costs pursuant to § 16-10-305 or other costs or fees shall be assessed.
A.C.A. § 27-37-706 (Repl. 2008) (emphasis added).
While this statute plainly prohibits additional fees, it does not prohibit additional fines. Accord Op. Att'y Gen. 2003-117.
My immediate predecessor was presented essentially the same question you have raised regarding the assessment of additional fines under the authority of A.C.A. § 16-17-129 in cases involving seat belt violations. As indicated by your question, Section 2 of Act 2009 amended this statute regarding the levy of additional fines to defray the cost of incarcerating city and county prisoners.[2]
In pointing out that A.C.A. § 27-37-706(b) prohibits additional court costs and fees, but not fines authorized under A.C.A. § 16-17-129, my predecessor further observed:
 Courts have traditionally distinguished between "fines," which are intended to be punishment for the offense in question, and court costs or fees. This distinction has been recognized and articulated in Arkansas, see, e.g., Jarrett v. City of Marvell, 69 Ark. App. 98 (2000), as well as in other jurisdictions. See, e.g., State v. Henderson, 491 So.2d 647 (La. 1986); Gantt v. State, 675 A.2d 581 (Md.App. 1996); State v. Claborn, 879 P.2d 169 (Okl.Cr. 1994); State v. Summers, 592 N.E.2d 905
(Ohio App. 8 Dist. 1990). For this reason, I interpret the prohibition that is stated in A.C.A. § 27-37-706(b) *Page 3 
not to preclude the imposition of additional fines, such as the $5.00 fine that is permitted under A.C.A. § 16-17-129.[3]
Op. Att'y Gen. 2003-117 at 2.
My predecessor continued by further opining that subsection 27-37-706(a), which limits the seat belt fine by providing that it "shall not exceed twenty-five dollars ($25.00), "also does not preclude the imposition of a separate, additional fine." Op. 2003-117 at 2. He explained that he based this conclusion on the following two factors:
 First, almost all statutes that impose a fine for a criminal offense state an upper limit for that fine. Thus, to interpret A.C.A. § 16-17-129 not to apply to fines for which upper limits are stated would render A.C.A. § 16-17-129 almost meaningless, because there would be practically no situation in which it could be applied. The Arkansas Supreme Court has held that it is inappropriate in interpreting statutory language to give such language an interpretation that would result in an absurdity, or to presume that the legislature enacted a vain and meaningless law. See Yarbrough v. Witty, 336 Ark. 479, 987 S.W.2d 257 (1999); Lawhon Farm Servs. v. Brown, 335 Ark. 272, 984 S.W.2d 1 (1998); Citizens To Establish A Reform Party v. Priest, 325 Ark. 257, 926 S.W.2d 432 (1996); Henson v. Fleet Mortgage Co., 319 Ark. 491, 892 S.W.2d 250 (1995); Neely v. State, 317 Ark. 312, 877 S.W.2d 589 (1994); Death and Total Permanent Disability Trust Fund v. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293 (1992). Second, it is my opinion that the "not to exceed" language refers only to the fine imposed under the authority of A.C.A. § 27-37-706, and does not preclude the imposition of a separate fine. That is, the fine authorized under A.C.A. § 27-37-706 cannot exceed $25.00, but a separate fine can be imposed under the authority of other law, even if the imposition of that separate fine would cause the total of fines imposed to exceed $25.00. *Page 4 
I agree in all respects with this analysis. As indicated above, the only change in the law as it pertains to your question is thatAct 209 of 2009 increased the additional fine authorized under A.C.A. § 16-17-129 from $5.00 to $25.00.
Accordingly, for the reasons explained above, it is my opinion in response to your particular question that A.C.A. § 27-37-706 does not prevent cities from assessing additional fines pursuant to A.C.A. § 16-17-129, as amended byAct 209 of 2009, in cases involving seat belt violations under A.C.A. § 27-37-701 — 707 (Repl. 2008 and Supp. 2009).
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] These statutes are found at A.C.A. §§ 27-37-701 — 707 (Repl. 2008 and Supp. 2009).Act 308 of 2009 amended these statutes to adopt a primary seat belt law. See id. at Section 1 (legislative findings, not to be codified) and Section 2 (repealing former A.C.A. § 27-37-704 (Repl. 2008), which provided that "[n]o motor vehicle, nor the operator of such vehicle, nor the passengers of such vehicle shall be stopped, inspected, or detained solely to determine compliance with this subchapter.")
[2] Act 209 raised the amount from $5.00 to $20.00, and added certain language to the subsection governing the county quorum courts' authority to levy the additional fine in district court cases.
[3] As noted, Act 209 of 2009 raised this amount to $20.00.