[Cite as *State v. Ushery*, 2013-Ohio-2509.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120515 |
| | | TRIAL NO. C-05CRB-47998 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| PRINCELLA USHERY,[1] | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 19, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecutiong Attorney, for Plaintiff-Appellee,

Ohio Justice & Policy Center and *Rob Wall*, for Defendant-Appellant.

Note: we have removed this case from the accelerated calendar.

---

[1] Ushery's first name is spelled as "Pincella" on the notice of appeal, but as "Princella" on the charging instrument and on the other documents in the case.

Per Curiam.

{¶1}    The issue in this case is whether Princella Ushery's 2005 minor-misdemeanor conviction for the possession of marijuana may be expunged under R.C. 2953.31 et seq., where Ushery failed to pay the court costs assessed at sentencing. Because we hold that Ushery's failure to pay court costs did not prevent the final discharge of her case as contemplated by the expungement statute, we reverse the trial court's judgment and remand the cause to the trial court to determine whether, in its discretion, expungement of the conviction is appropriate.

## I.  Background Facts and Procedure

{¶2}    In 2005, Ushery was convicted of misdemeanor possession of marijuana, a violation of R.C. 2925.11. The trial court imposed a $150 fine as her sentence, and also assessed $85 in costs. Subsequently, the court waived her fine. Over one year later, Ushery applied to the trial court to have her conviction sealed under R.C. 2953.32.

{¶3}    The trial court reviewed her application and ordered the probation department to create a report concerning the application. In the report, the probation department accurately indicated that Ushery owed costs, but it erroneously indicated that Ushery still owed the fine that the court had previously waived. Relying on the report, the court found that Ushery was "not eligible" to have the conviction expunged, because she still owed the fine and the court costs, and it denied her application. The court also informed Ushery that she had to wait one year after paying off the fine and the court costs before the conviction could be expunged.

{¶4}    In her sole assignment of error, Ushery argues that the trial court erred when it determined that she was ineligible to have her conviction sealed, because she did not owe the fine, and because her failure to pay the court costs did not, as a matter of law,

2

render her ineligible under R.C. 2953.32(A)(1) to have the conviction expunged. We agree.

## II. Standard of Review

{¶5} This court's review of the trial court's ruling on expungement varies. Generally, we will not disturb a trial court's decision to deny a R.C. 2953.32 expungement application absent an abuse of discretion. *See State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001); *State v. Spicer*, 1st Dist. Nos. C-040637 and C-040638, 2005-Ohio-4302, ¶ 7.

{¶6} But we review issues of law de novo. *See State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6, cited in *State v. Pankey*, 1st Dist. Nos. C-110547 and C-110548, 2012-Ohio-936, ¶ 3. The interpretation of a statute and the application of that statute in determining whether an offender is "eligible" to have a conviction expunged are issues of law that we review de novo.

## III. Analysis

{¶7} As relevant to the assignment of error, R.C. 2953.32(A)(1) provides that an otherwise eligible offender may not apply to have the record of a misdemeanor conviction expunged until one year after "the offender's final discharge." The phrase "final discharge" is not defined in the statute, but it has been interpreted to mean that the offender "has served any sentence previously imposed or [has] otherwise been finally discharged by the court." *Willowick v. Langford*, 15 Ohio App.3d 33, 34, 472 N.E.2d 387 (11th Dist.1984).

{¶8} The sentence includes any term of incarceration and other criminal sanctions such as community control, formerly known as probation. *See State v. Wainwright*, 75 Ohio App.3d 793, 795, 600 N.E.2d 831 (8th Dist.1991). Community

control includes residential and nonresidential sanctions, and financial sanctions such as a fine and restitution.  R.C. 2929.15; R.C. 2929.25.

{¶9}    In applying R.C. 2953.32(A)(1), the trial court determined that Ushery had not been discharged because she had failed to pay the imposed fine and the assessed court costs.   But it is undisputed that the trial court had waived Ushery's fine more than one year before Ushery had applied for expungement of the misdemeanor conviction.  Thus, the trial court erred by declaring Ushery ineligible for expungement based on her failure to pay the fine.   The issue remaining is whether Ushery's failure to pay the court costs precluded a finding that Ushery had been "discharged" within the meaning of R.C. 2953.32(A)(1).

{¶10}   The Eighth District Court of Appeals addressed this issue in *State v. Summers*, 71 Ohio App.3d 1, 592 N.E.2d 905 (8th Dist.1990).   In that case, the state argued that an offender who had not paid his court costs had not completed his sentence and, therefore, he had not been discharged and he was not eligible for the expungement of his conviction.   The *Summers* court disagreed that the failure to pay the costs precluded a finding that the sentence was fully served, holding that court costs are not a part of the criminal sentence and, therefore, "the failure to pay the court costs d[id] not result in [the offender's] sentence not being served."  *Id.* at 2.

{¶11}   In arriving at this determination, the *Summers* court relied on this court's decision in *Cincinnati v. Wright*, 77 Ohio App. 261, 67 N.E.2d 358 (1st Dist.1945), in which we held that the costs of prosecution are not a part of the fine imposed in a criminal case. *Summers* at 2, citing *Wright* at 268.

{¶12}   The *Summers* court was also persuaded by the Ohio Supreme Court's characterization of the duty to pay court costs in a criminal case as a "civil obligation" that

4

arises from an "implied contract" and, therefore, it is distinct from criminal punishment. *Summers* at 2, citing *Strattman v. Studt*, 20 Ohio St.2d 95, 253 N.E.2d 749 (1969), paragraph six of the syllabus.

{¶13} Since the Eighth Appellate District's decision in *Summers*, the Ohio Supreme Court has maintained its characterization of costs as a civil obligation and not punishment, even when costs are included in a sentencing entry in a criminal case. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 20.

{¶14} In this case, the state concedes that court costs are civil in nature, and it asserts that "nothing in the expungement statute prohibits the trial court from granting an expungement while those costs are outstanding." The state contends, however, that the trial court, in its discretion, may deny an application to seal a conviction for failure to pay court costs.

{¶15} We find the reasoning of the *Summers* court persuasive, and we adopt it. Therefore, we hold that Ushery's failure to pay the court costs assessed in the criminal proceeding that resulted in her conviction, a civil debt that was not made a part of her criminal sentence, did not prevent her "final discharge" as contemplated by R.C. 2953.32(A)(1), and did not render her ineligible to have that conviction expunged. But we also hold, as urged by the state, that Ushery's failure to pay the court costs is a factor that the trial court can consider when determining, in the exercise of its discretion, whether Ushery has been rehabilitated such that expungement of her conviction is appropriate. *See* R.C. 2953.32(C)(1)(c).

## IV. Conclusion

{¶16} The trial court erred in determining that Ushery had not been discharged and that Ushery was "not eligible" to have her conviction expunged for that reason.

5

Accordingly, we sustain the assignment of error, reverse the trial court's judgment, and remand the cause for proceedings consistent with this opinion.

Judgment reversed and cause remanded.

**HENDON, P.J., CUNNINGHAM** and **DEWINE, JJ.**

Please Note:

The court has recorded its own entry on the date of the release of this opinion.