[Cite as *State v. T.M.*, 2014-Ohio-5688.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101194**

**STATE OF OHIO**

PLAINTIFF-APPELLANT

vs.

**T.M.**

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-92-278371-A

**BEFORE:** Celebrezze, P.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 24, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, the state of Ohio, appeals the order granting a motion filed by appellee, T.M., to seal the records of his 1992 conviction for drug trafficking. The state argues that the trial court erred in retroactively modifying T.M.'s sentence to relieve him of his duty to pay a mandatory fine and then granting T.M.'s motion. After a thorough review of the record and law, we reverse the decision of the trial court.

## I. Factual and Procedural History

{¶2} In 1992, T.M. pled guilty to one count of drug trafficking, for which he received an 18-month prison sentence. The journal entry failed to note the mandatory fine and court costs and was corrected by a nunc pro tunc entry imposing a mandatory $5,000 fine and ordered appellant to pay court costs. Appellant completed his prison sentence, but failed to make payments on his fine and court costs.

{¶3} On March 10, 2004, T.M. filed a motion to seal the records of his conviction. The trial court ordered the probation department to prepare an expungement report on November 8, 2004. The state filed a brief in opposition on December 7, 2004. A hearing was conducted over several days beginning on September 27, 2013, and concluding on March 25, 2014.[1] There, the state argued that T.M.'s failure to pay his fine excluded him from eligibility, and the court lacked jurisdiction to modify T.M.'s sentence. The trial court ruled that it retained jurisdiction to address the fine pursuant to R.C. 2929.18(G). The trial court then heard evidence from T.M. about his current financial situation to determine whether he was indigent. The court found T.M. to be indigent and waived the fine previously imposed. The court overruled the

---

[1] There is no explanation in the record for the almost ten-year delay of the hearing of this motion.

state's arguments that it did not have jurisdiction to vacate the fine after T.M. had served his prison sentence. The state argued the court lost jurisdiction over the case at that point.

**{¶4}** The state appeals from the order of sealing, assigning two errors for review:

I. A trial court is without jurisdiction to waive a mandatory fine when an affidavit of indigency was not filed before the sentence was imposed.

II. A trial court errs in granting a motion for expungement filed pursuant to R.C. 2953.32 when appellee does not pay the mandatory fine, pursuant to appellee's sentence.

## II. Law and Analysis

### A. Waiver of Fine

**{¶5}** In the present case, the trial court issued a journal entry on March 5, 2014, that simultaneously waived the $5,000 mandatory fine and granted T.M.'s application to seal the records of his conviction. The state first argues that the trial court could not waive the fine. The state takes the position, both here and below, that the court does not have jurisdiction to modify any portion of the sentence, including the fine.

**{¶6}** A court may not reconsider a valid final judgment in a criminal case. *See State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599, 589 N.E.2d 1324 (1992), citing *Brook Park v. Necak*, 30 Ohio App.3d 118, 506 N.E.2d 936 (8th Dist.1986). Crim.R. 32(C) provides that a judgment becomes final when the trial court reduces it to writing and the clerk enters it on the journal.[2]

**{¶7}** The legislature has provided a mechanism whereby a court can suspend a fine imposed pursuant to R.C. 2929.18 or 2929.32. R.C. 2929.18(G) currently provides:

If a court that imposes a financial sanction under division (A) or (B) of this section finds that an offender satisfactorily has completed all other sanctions

---

[2] The parties do not dispute the validity of the fine in this appeal.

imposed upon the offender and that all restitution that has been ordered has been paid as ordered, the court may suspend any financial sanctions imposed pursuant to this section or section 2929.32 of the Revised Code that have not been paid.

The legislature's intent is clear from the statute — where a person has successfully completed all aspects of the sentence, including the payment of restitution, the court may suspend all or a portion of the fine imposed in the case at any point in time while the fine subsists. This court and others have cited to this statute for exactly that proposition. *See, e.g., State v. Collier*, 184 Ohio App.3d 247, 2009-Ohio-4652, 920 N.E.2d 416, ¶ 14 (10th Dist.). Discussing R.C. 2929.18 regarding restitution, the First District held,

> the plain language of R.C. 2929.18(A)(1) establishes that if the trial court orders restitution at sentencing, it must determine the amount of restitution at that time. There is no statutory authority for the trial court to exercise continuing jurisdiction to modify the amount of a financial sanction. It can, however, modify the "payment terms of any restitution" *id.*, or enter a less restrictive sanction, see R.C. 2929.15(C), or suspend the [fine] * * * as provided in R.C. 2929.18(G).

*State v. Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160, 871 N.E.2d 613, ¶ 9 (1st Dist.).

{¶8} The Ohio Supreme Court has set forth the relevant principles:

> To be consistent in sentencing, there must be a distinction between the rule of *Fischer*[3] and the rule of *Hernandez*[4]. *Fischer's* sanction- correction rule is based on principles of res judicata — while a void sanction may be modified, a valid sanction generally cannot. *Fischer* * * * at ¶ 17. But once a valid prison sanction has been served, it is no longer res judicata that acts as a bar to modification; rather, the court has lost jurisdiction to modify the sentence. *Hernandez* * * * at ¶ 28-30.

*State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 14.

{¶9} The fact that a court has limited jurisdiction to suspend fines does not mean that the court may waive or modify the fine. The trial court, in its journal entry, indicated the fine was

---

[3] *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

[4] *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301.

waived. That is beyond the limited grant of continuing jurisdiction provided by R.C. 2929.18(G).

{¶10} However, this presupposes that R.C. 2929.18(G) applies to the case. T.M. was sentenced in 1992, prior to the enactment of R.C. 2929.18 as part of sentencing reforms included in 1995 S.B. 2 ("S.B. 2"). In fact, the fine could not have been imposed pursuant to R.C. 2929.18 because that section was not in existence at the time of appellant's sentencing. Therefore, R.C. 2929.18(G) does not apply because that subsection begins, "[i]f a court that imposes a financial sanction under division (A) or (B) of this section * * *." However, former R.C. 2929.51(F)(1) provided substantially the same authority: "At the time of sentencing and after sentencing, when a fine is imposed, the court may: (1) Suspend all or any portion of the fine, upon any conditions that the court imposes in the interests of justice and the correction and rehabilitation of the offender; * * *." Former R.C. 2929.51(F)(1). *See* 1993 H.B. 152.

{¶11} Both statutes provide for suspension, not waiver. Here, the fine was waived, not suspended. T.M. argues this is a distinction without a difference, and, practically, that may be, but the trial court only has limited jurisdiction to suspend, not vacate or waive. Therefore, the state's first assignment of error is sustained.

## B. Necessary Waiting Period After Final Discharge

{¶12} In its second assignment of error, the state asserts that the trial court erred in sealing T.M.'s records of conviction because a fine is a part of the sentence, and T.M. failed to fulfill his obligation under that portion of the sentence.

{¶13} This court reviews a trial court's decision on a motion to seal the records of conviction for an abuse of discretion. *State v. A.S.*, 8th Dist. Cuyahoga No. 100358, 2014-Ohio-2187, ¶ 7. An abuse of discretion is denoted by a decision that is unreasonable,

arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶14} The Ohio legislature has provided a limited privilege to those convicted of certain crimes to have records of those convictions sealed from public view, colloquially referred to as expungement.[5] It enacted R.C. 2953.32 and related statutes with the intent of allowing a person with a single lapse of good judgment and moral character to escape the consequences for such criminal behavior imposed by society on offenders. In order to demonstrate that a person is fit for this privilege, the legislature has set forth requirements that must be satisfied prior to the sealing of records. R.C. 2953.32 et seq. R.C. 2953.32(A)(1) provides:

> [A]n eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of the case that pertains to the conviction. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

This brief text contains a number of hurdles that a movant must overcome before records may be sealed. First, the applicant must be an "eligible offender." This is defined, in part, as

> anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

---

[5] Expungement is a different process altogether where official records maintained by the state are permanently obliterated. *See* R.C. 2953.37(A)(1).

R.C. 2953.31(A).[6]

{¶15} Also, the movant must wait either three years for a felony conviction or one year for a misdemeanor conviction from the date of "final discharge" to apply for sealing. "Final discharge" is not defined anywhere in the Ohio Revised Code, but judicial interpretation has given it a clear meaning. "Final discharge" has not been achieved until an individual has served all criminal portions of the punishment imposed by the court. This includes any period of prison or jail, any period of postrelease control or community control, and the payment of restitution and any fine imposed. *State v. Aguirre,* Slip Opinion No. 2014-Ohio-4603, ¶ 12-19; *State v. Braun*, 8th Dist. Cuyahoga No. 46082, 1983 Ohio App. LEXIS 15139 (July 7, 1983) ("[t]he intent of the statute is clear; a final discharge from conviction means a release from all obligations imposed and not just a release from confinement").[7] It does not, however, include the payment of court costs. *Cincinnati v. Wright*, 77 Ohio App. 261, 268, 67 N.E.2d 358 (1st Dist.1945); *Strattman v. Studt*, 20 Ohio St.2d 95, 253 N.E.2d 749 (1969), paragraph six of the syllabus ("[t]he duty to pay court costs is a civil obligation arising from an implied contract"); *State v. Ushery*, 1st Dist. Hamilton No. C-120515, 2013-Ohio-2509.

{¶16} Whether a suspended fine remains a barrier to sealing records of conviction is a question this court need not decide in this appeal. The trial court waived rather than suspended the fine. It has no authority to do so. Therefore, because the action of the trial court is void, the fine still exists and precludes sealing.

---

[6] Former R.C. 2953.31(A), effective prior to September 19, 2014, reads substantially the same with the exception of a modification related to numerous misdemeanor convictions for the same offense not implicated in this case.

[7] At least one court has gone so far as to hold that a lifetime driver's license suspension forever precludes the sealing of records of conviction. *State v. Hoover*, 10th Dist. Franklin Nos. 12AP-818 and 12AP-826,

**{¶17}** Even if the trial court had properly suspended the fine, there is no statutory basis for the trial court to retroactively do so. The statutes, both old and current, that T.M. claims to give the trial court that authority only provides for suspension, and a plain reading of the statutes gives no credence to the argument that suspension is retroactive. "In matters of criminal sentencing, the trial court does not have inherent power to act, but has only such power as is conferred by statute or rule." *Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160, 871 N.E.2d 613, ¶ 10 (1st Dist.).

**{¶18}** In this case, T.M. was convicted of a third-degree felony; necessitating that he wait three years from the date of final discharge to seal the records of conviction. R.C. 2953.32(A)(1). Final discharge, as set forth above, has not occurred in this case. T.M. advocates for this court to hold that the state has waived the argument that T.M. has not met the three-year period. However, "[t]he courts may not excuse applicants from requirements prescribed by the General Assembly in its proper exercise of legislative power." *Aguirre*, Slip Opinion No. 2014-Ohio-4603, ¶ 26. Therefore, the trial court abused its discretion in granting T.M.'s motion because the three-year period from final discharge had not elapsed. The state's second assignment of error is sustained.

### III. Conclusion

**{¶19}** The trial court exceeded its limited jurisdiction over the payment of the mandatory $5,000 fine in this case when it waived the fine rather than suspended payment. As a result, the court's order granting T.M.'s motion to seal the records of his conviction was an abuse of the court's discretion because there was no final discharge in this case.

**{¶20}** Judgement reversed.

2013-Ohio-3337.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
MELODY J. STEWART, J., DISSENTS (WITH SEPARATE OPINION)


MELODY J. STEWART, J., DISSENTING:

{¶21} I agree with the majority, that an applicant who seeks to have his criminal record sealed is not eligible to apply for the sealing of his record until he has fully served his sentence. I also agree that a mandatory fine is part of an offender's sentence, if properly imposed. However in this case, the $5,000 fine imposed as a mandatory part of T.M.'s sentence is contrary to law and is therefore void. As such, the fine imposed should be vacated, thus making T.M. an eligible applicant to have his record sealed. The trial court's order should be affirmed.

{¶22} Before discussing the reason for my dissent, it bears mentioning that a review of the record reveals that the trial court, did indeed, "suspend" T.M.'s fine even though the journal entry states that the fine was "waived." The judge states at page 44 of the transcript, "* * * I'm going to suspend the payment of this mandatory fine. * * * I will then grant the expungement. I'll sign an order to that effect." Thus, I believe that the majority improperly sustains the state's

first assignment of error on the grounds that the trial court waived, rather than suspended, the $5,000 fine.[8]

{¶23} Despite the majority's analysis, I dissent because a review of the record and the relevant law at the time T.M. was sentenced, reveals that T.M. should never have been sentenced to pay a mandatory $5,000. The imposition of the mandatory $5,000 amount was therefore contrary to law.

{¶24} The original journal entry states that T.M. pleaded guilty to Count 1 of the indictment as charged. Count 1 of the indictment reads:

> The Jurors of the Grand Jury of the State of Ohio, within and for the body of [Cuyahoga County], on their oaths *** Do find and present that [T.M.] on or about [January 31, 1992] did knowingly possess a controlled substance, to-wit: Cocaine, a schedule II drug, in an amount equal to or exceeding the bulk amount but in an amount less than three times that amount.

The indictment states that this offense is a violation of R.C. 2925.03(A)(4). The version of R.C. 2925.03 in effect in October 1992, states in relevant part that:

> (A) no person shall knowingly do the following:
>
> (4) possess a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount.
>
> * * *
>
> (H)    Notwithstanding the fines otherwise required to be imposed pursuant to section 2929.11[9] or 2929.31 of the Revised Code for violations of this section and notwithstanding section 2929.14 of the Revised Code, the court shall impose

---

[8] The inconsistency between what the trial court ordered at the hearing and what it journalized should be rectified via a nunc pro tunc order to reflect what the trial court actually ordered. *See State v. Harvey*, 3d Dist. Allen No. 1-09-47, 2010-Ohio-1628, ¶ 22 (stating, "'For more than sixty years, Ohio law has been clear that the function of a nunc pro tunc order is, essentially, clerical: it is to record officially an action or actions of a court actually taken but not duly recorded,'") quoting, *State v. Breedlove*, 46 Ohio App.3d 78, 81, 546 N.E.2d 420 (1st Dist. 1988).

[9]While R.C. 2929.11 states that a court *may* impose a fine not exceeding $5,000 for third-degree felony offenses and T.M.'s conviction was a third-degree felony, the court in this instance did not impose a discretionary $5,000 fine, rather it states in the journal entry that the $5,000 fine was mandatory.

the following mandatory fines upon a person convicted of aggravated trafficking, trafficking in drugs, or trafficking in marihuana:

(5)     If the offense is trafficking in marihuana and a violation of division (A)(5), (6), or (9) of this section, *or if the offense is trafficking in drugs and a violation of division (A)(4), (5), (6), or (9) of this section, the court shall impose a mandatory fine of three thousand dollars, and if the offender has previously been convicted of a felony drug abuse offense, the court shall impose a mandatory fine of six thousand dollars.*

(Emphasis added.)

{¶25} Pursuant to R.C. 2925.03, the trial court had no authority to sentence[10] T.M. to pay a mandatory fine in an amount other than $3,000, or $6,000 if T.M. had a previous felony drug abuse conviction.  Therefore, the trial court imposed an unlawful sentence as it relates to the imposition of the fine.  That portion of the sentence is therefore void.  *See State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 20; *State v. Hooks*, 135 Ohio App.3d 746, 750, 735 N.E.2d 523 (10th Dist.2000) (explaining that sentences not authorized by statute are void and may be raised sua sponte by the appellate court).

{¶26} While ordinarily we would remand to the trial court to resentence T.M. to pay the appropriate fine, because T.M. has completed the portion of his sentence that was properly imposed, due process requires that no further action be taken.  *See Simpkins* at ¶ 38 (stating, "[i]n some circumstances, including the completion of a sentence, it may be reasonable to find that a defendant's expectation of finality in his sentence has become legitimate and must be respected."); *see also Breest v. Helgemoe*, 579 F.2d 95, 101 (6th Cir.1978) (noting due process mandates that, "the power of a sentencing court to correct even a statutorily invalid sentence must be subject to some temporal limit"); *State v. Cobb*, 8th Dist. Cuyahoga No. 93404, 2010-Ohio-5118, ¶ 20 (citing *Simpkins*, in the context of mandatory postrelease control, for the

---

[10] Only the portion relating to the improper fine is void. *State v. Moore,* 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 1.

proposition that a court loses jurisdiction to resentence a defendant where an imposed sentence has been satisfied).

{¶27} Because the imposition of the $5,000 mandatory fine is void, and because the trial court is without authority to resentence T.M. to pay a fine, T.M. has completed his sentence and has been finally discharged. Because T.M.'s failure to pay the mandatory fine was the issue germane to the state's appeal, and that issue should be resolved in favor of T.M., the trial court's order should be affirmed.

{¶28} I therefore dissent.