[Cite as *State v. J.M.S*, 2019-Ohio-3383.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 18AP-772 |
| | | (C.P.C. Nos. 15CR-2547 |
| v. | : | and 15CR-2977) |
| [J.M.S.], | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 22, 2019

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Valerie B. Swanson,* for appellant. **Argued:** *Valerie B. Swanson.*

ON APPEAL from the Franklin County Court of Common Pleas

McGRATH, J.

{¶ 1}   Plaintiff-appellant, the State of Ohio, has filed an appeal from a judgment of the Franklin County Court of Common Pleas which granted the application to seal the record in two cases involving defendant-appellee, J.M.S., case Nos. 15CR-2574 and 15CR-2977.  For the following reasons, we reverse the trial court's judgment.

**I. Facts and Procedural History**

{¶ 2}   On May 27, 2015, the Franklin County Grand Jury indicted appellee in case No. 15CR-2574, charging him with theft, a felony of the fifth degree.  On June 18, 2015, the Franklin County Grand Jury indicted appellee in case No. 15CR-2977 with another count of theft, a felony of the fifth degree.  The cases were dismissed after appellee completed intervention in lieu of conviction.

{¶ 3}   On July 23, 2018, appellee filed an application to seal the record in both case Nos. 15CR-2574 and 15CR-2977.  The state objected to the application arguing that appellee was ineligible to seal the records because he had a pending criminal proceeding case in the Franklin County Municipal Court.  In case No. 2017CRB-025468, appellee was convicted

of attempted violation of a protection order and placed on community control until May 24, 2020.

{¶ 4}   After a hearing, the trial court found that appellee did not have pending criminal proceedings even though he was on community control and granted the application to seal.

## II. Assignments of Error

{¶ 5}   The state filed a timely notice of appeal and assigns the following assignment of error for our review:

> THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S APPLICATION FOR SEALING, AS HIS CURRENT STATUS ON COMMUNITY CONTROL CONSTITUTES A PENDING CRIMINAL PROCEEDING WHICH RENDERS HIM INELIGIBLE.

## III. Analysis

{¶ 6}   In Ohio, " 'there are currently two statutory methods to expunge and seal criminal records.' " *State v. Heidrick*, 10th Dist. No. 12AP-1054, 2013-Ohio-3544, ¶ 5, quoting *Schussheim v. Schussheim*, 12th Dist. No. CA2011-07-078, 2012-Ohio-2573, ¶ 10, *reversed on appeal*, 137 Ohio St.3d 133, 2013-Ohio-4529.  R.C. 2953.32 permits convicted first-time offenders to seek the sealing of their conviction records and R.C. 2953.52 permits the sealing of an applicant who was found not guilty, or the case was dismissed or a grand jury returned a no bill.  *Heidrick* at ¶ 5.

{¶ 7}   In this case, the application was filed pursuant to R.C. 2953.52, which provides, in part:

> (A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.
>
> * * *
>
> (B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the

application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

(2) The court shall do each of the following, except as provided in division (B)(3) of this section:

(a)(i) Determine whether the person was found not guilty in the case * * *;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

{¶ 8} Thus, when an applicant files a request for the sealing of records, "R.C. 2953.52(B)(2) requires the trial court to: (1) determine whether the applicant was found not guilty or whether the complaint, indictment, or information was dismissed; (2) determine whether criminal proceedings are pending against the applicant; and (3) determine whether the prosecutor filed an objection in accordance with R.C. 2953.52(B)(1) and to consider the prosecutor's reasons for the objection." *State v. Newton*, 10th Dist. No. 01AP-1443, 2002-Ohio-5008, ¶ 7. The trial court must weigh the interest of the applicant in having his records sealed against the legitimate need of the government to maintain those records. If the trial court determines that the applicant's interest in having the records sealed outweighs the government's interest in maintaining the records, the trial court shall issue an order sealing the records. R.C. 2953.52(B)(3). The burden is on the

applicant to demonstrate that his interest in having the records sealed is equal to or greater than the government's interest in maintaining those records. *Newton* at ¶ 9.

{¶ 9}    In this case, the trial court was required to determine whether appellee meets the requirements for sealing the records. The sealing of criminal records " 'is a privilege, not a right.' " *State v. Hooks*, 10th Dist. No. 15AP-522, 2016-Ohio-3138, ¶ 7, quoting *State v. Moore*, 5th Dist. No. 2012CA00047, 2012-Ohio-4483, ¶ 16. "In Ohio, 'expungement' remains a common colloquialism used to describe the process of sealing criminal records pursuant to statutory authority." *In re K.J.*, 10th Dist. No. 13AP-1050, 2014-Ohio-3472, ¶ 8, citing *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 11.

{¶ 10} Generally, an appellate court reviews a trial court's disposition of an application to seal a record of conviction under an abuse of discretion standard. *Newton* at ¶ 8. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, with issues involving a question of law, an appellate court reviews the trial court's determination de novo. *State v. Norfolk*, 10th Dist. No. 04AP-614, 2005-Ohio-336, ¶ 4, citing *State v. Derugen*, 110 Ohio App.3d 408, 410 (3d Dist.1996).

{¶ 11} In this case, the state filed an objection to sealing appellee's record arguing he has a pending criminal proceeding against him since he was placed on community control until May 24, 2020, in case No. 2017CRB-025468. In that case, he was convicted of attempted violation of a protection order. Thus, the issue is whether community control constitutes pending criminal proceedings under R.C. 2953.52.

{¶ 12} The trial court determined that the legislature permitted an applicant to file anytime pursuant to R.C. 2953.52, where as in R.C. 2953.32, an applicant cannot apply for sealing the records until three years after a final discharge, if convicted of a felony, which includes probation or community control being completed.[1] (Tr. at 10.) The trial court reasoned that the language differed because the legislature does not intend an applicant pursuant to R.C. 2953.52 to have completed probation or community control before filing an application. The legislature used different language, including "pending" criminal proceeding versus "final discharge" in the sealing statutes. *Compare* R.C. 2953.52 *with*

---

[1] R.C. 2953.32 provides an applicant cannot apply for sealing the records until one year if convicted of a misdemeanor. We note that R.C. 2953.32 was amended, effective April 8, 2019.

R.C. 2953.32. The trial court cited *State v. Blair*, 1st Dist. No. C-160333, 2016-Ohio-5714[2] where the applicant was on community control and the First District Court of Appeals found as a matter of law that the applicant was not eligible to have the record sealed because the community control constituted a pending criminal proceeding. However, the trial court in this case noted that *Blair* was not binding authority and disagreed with *Blair* and granted the application to seal the records.

{¶ 13} The parties do not dispute that appellee is currently serving a term of community control. R.C. 2929.25 governs misdemeanor community control sanctions. R.C. 2929.25 provides a trial court with two options when sentencing an offender to community control, either (1) impose a sentence of community control, or (2) impose a jail term and suspend some or all of that sentence and place the offender on community control. R.C. 2929.25(A)(1)(a) and (b). If the court sentences the offender to any community control sanction or combination of community control sanctions, authorized under R.C. 2929.26, 2929.27 or 2929.28, the sentencing court retains jurisdiction over the offender for the duration of the sanctions imposed. R.C. 2929.25(C); *State v. Floyd*, 1st Dist. No. C-170607, 2018-Ohio-5107, ¶ 14 (Miller, J., dissenting), appeal accepted for review, 155 Ohio St.3d 1420, 2019-Ohio-1421.

{¶ 14} In *Blair*, the court recognized that community control sanctions are imposed as the punishment for an offense at a sentencing hearing. *Blair* at ¶ 8, citing *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, ¶ 14. "It is part of the offender's sentence." *Blair* at ¶ 8, citing *State v. Ushery*, 1st Dist. No. C-120515, 2013-Ohio-2509, ¶ 8. The sentencing court exercises its criminal jurisdiction when it revokes community control and the community control hearings are formal, adversarial proceedings. *Id.* If an offender violates community control, the court sentences the offender anew. *Id.*, citing *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 17. Thus, the court in *Blair* concluded that "a sentence of community control is part of the criminal proceedings." *Id.* at ¶ 9.

{¶ 15} The Ohio Revised Code does not define "criminal proceedings" or "pending." The dissent in *Floyd* discussed the plain meaning of the terms. A "proceeding is the 'regular and orderly progress in form of law, including all possible steps in an action from its

---

[2] *Blair* was overruled by another panel of the First District Court of Appeals in *State v. Floyd*, 1st Dist. No. C-17067, 2018-Ohio-5107. In *Floyd*, the court found that once a sentence is imposed and the conviction is final, the criminal proceeding is no longer pending, even when on community control.

commencement to the execution of judgment.' " *Floyd* at ¶ 17, (Miller, J., dissenting), quoting *State v. Reynolds*, 5th Dist. No. 12-CA-6, 2012-Ohio-4363, ¶ 12 (citations omitted.) Further, " 'Proceeding' is '[t]he business conducted by a court or other official body; a hearing.' " *Id.* at ¶ 18, quoting *Black's Law Dictionary* (10th Ed.2014). "The term includes among other things, 'the enforcement of the judgment.' Thus, 'criminal proceeding' is a broader term than prosecution, and is used to encompass anything on a court's docket." *Id.*, quoting Edwin E. Bryant, *The Law of Pleading Under the Codes of Civil Procedure*, 3-4 (2d Ed.1899). The dissent in *Floyd* continued and defined "pending" as " ' "[b]egun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. * * * Thus, an action or suit is 'pending' from its inception until the rendition of final judgment." ' " *Id.* at ¶ 19 (Miller, J., dissenting), quoting *McNeil v. Kingsley*, 178 Ohio App.3d 674, 2008-Ohio-5536 (3d Dist.), citing *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 103 (1988), *superseded by statute on other grounds*, quoting *Black's Law Dictionary*, 1021 (5th Ed.1979).

{¶ 16} The dissent in *Floyd* concludes, and we agree, that a community control violation results in an additional sentencing hearing in the original case which, therefore, remains pending. The judgment is still being executed. Because the court retains jurisdiction for the duration of the community control sanction, the case remains pending. Thus, appellee had criminal proceedings pending against him and was ineligible for sealing of the records. The trial court erred in ordering the records sealed. The state's assignment of error is sustained.

## IV. Conclusion

{¶ 17} For the foregoing reasons, the state of Ohio's assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed; and this case is remanded to that court for further proceedings.

*Judgment reversed; case remanded.*

BROWN and DORRIAN, JJ.

McGRATH, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____