[Cite as *State v. C.S.*, 2021-Ohio-2858.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28963 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-245 |
| | : | |
| C.S. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of August, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellant

MICHAEL W. HALLOCK, JR., Atty. Reg. No. 0084630, P.O. Box 292017, Dayton, Ohio 45429
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Appellee C.S. was found not guilty of rape after a jury trial in December 2019. In February 2020 he filed to have the record of his case sealed pursuant to R.C. 2953.52. The State objected, arguing that C.S.'s interest in sealing the records did not outweigh the State's legitimate need to maintain them. After a hearing on the matter, the trial court issued a written decision granting the motion to seal C.S.'s records. The State appeals. For the reasons that follow, the trial court's judgment will be reversed.

## I. Facts and Procedural History

{¶ 2} On February 1, 2019, C.S. was indicted on one count of rape (substantial impairment), in violation of R.C. 2907.02(A)(1)(a), a first-degree felony. He was indicted on a second rape count about seven months later, in September 2019. On December 9, 2019, the case proceeded to trial. After hearing testimony from 16 witnesses and considering dozens of exhibits, the jury found C.S. not guilty on both counts of rape.

{¶ 3} Following the not guilty verdict, C.S. filed an application to have his court records related to this case sealed pursuant to R.C. 2953.52. C.S. argued in the application that he could potentially face employment or licensure challenges in the future if the records were not sealed. The State objected, arguing that the interests C.S. had in sealing the records did not outweigh the government's legitimate need to maintain them. Specifically, the State argued that C.S. did not provide *any* reason or evidence that would demonstrate his interest in sealing the records was equal to or greater than the government's interest in maintaining them. In its March 27, 2020 motion in opposition, the State noted that C.S. did not have any pending charges against him, a key component to the statute and a potential hurdle to the Court's jurisdiction.

{¶ 4} The parties appeared for a hearing on the matter on May 26, 2020. The State

offered three exhibits and testimony from Detective Angela Woody of the Dayton Police Department, the lead detective in the case. She testified that sexual offenders oftentimes exhibit similar and predatory types of behaviors and that knowing about prior conduct can be helpful with investigations of new sex offense claims. She also averred that the alleged victim was pursuing a civil protection order against C.S. based on the underlying charges. In contrast, C.S. presented no witnesses or exhibits and, in fact, waived appearance at the hearing altogether.

{¶ 5} On October 23, 2020, after considering post-hearing briefing from both sides, the trial court granted C.S.'s application to seal the records. The State has filed a timely appeal.

## II.    The trial court did not have jurisdiction to grant the motion

{¶ 6} In its sole assignment of error, the State argues that the trial court failed to comply with the statute and abused its discretion when it granted C.S.'s application to seal his record.

{¶ 7} Under R.C. 2953.52(A)(1), a person who is found not guilty of an offense by a jury may apply to the court for an order to seal his or her official records in the case. "[T]he application may be filed at any time after the finding of not guilty * * * is entered upon the minutes of the court or the journal, whichever entry occurs first." R.C. 2953.52(A)(1).

{¶ 8} After the application is filed, the trial court is required to do four things: (1) determine whether the person was found not guilty in the case; (2) determine whether criminal proceedings are pending against the person; (3) if the prosecutor files an objection, consider the reasons against granting the application specified by the objection;

and (4) weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs of the government to maintain those records. R.C. 2953.52(B)(2)(a)-(d). If the court finds that the applicant's interest in having the record sealed outweighs the government's interest in maintaining the records, the trial court shall issue an order that all official records of the case be sealed. R.C. 2953.52(B)(4). "The burden is on the applicant to demonstrate that his interest in having the records sealed is equal to or greater than the government's interest in maintaining those records." *State v. J.M.S.*, 2019-Ohio-3383, 142 N.E.3d 142, ¶ 8 (10th Dist.).

{¶ 9} We review the trial court's decision for an abuse of discretion. *State v. Capone*, 2d Dist. Montgomery No. 20134, 2004-Ohio-4679, ¶ 7. The term abuse of discretion means that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying that standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). Rather, "a reviewing court should be guided by a presumption that the trial court was correct." *State ex rel. Montgomery v. Pakrats Motorcycle Club, Inc.*, 118 Ohio App.3d 458, 466, 693 N.E.2d 310 (9th Dist.1997).

{¶ 10} In its assignment of error, the State offers two potential errors of the trial court. First, it argues that the trial court failed to determine whether criminal proceedings were pending against C.S. when it made its decision to grant the sealing. Alternatively, the State contends that even if we find the trial court did correctly determine whether criminal proceedings were pending, it wrongly found that C.S.'s interests in having the record sealed outweighed its own interest in maintaining them.

A.      Pending criminal proceedings

{¶ 11} When determining whether to seal an applicant's records, the trial court must first determine if criminal proceedings are pending against the applicant. R.C. 2953.52(B)(2)(b). If pending proceedings are discovered, the court cannot grant the application.

{¶ 12} In the State's pre-hearing objection, filed on March 27, 2020, it reported that there were no criminal proceedings pending against C.S. In the seven months between that declaration and the trial court's decision on October 23, 2020, there was no mention by either party (or the trial court) regarding the status of criminal proceedings against C.S. However, as mentioned by the State in its merit brief, it appears that C.S. was arrested and charged with theft in the Miamisburg Municipal Court in Case No 2020-CRB-1245 for an incident that occurred on or about September 14, 2020. While this theft incident is not in the record before us and is otherwise out of bounds for our consideration, the State contends that we can take judicial notice of the case. We agree.

{¶ 13} Evid.R. 201 permits an adjudicative fact (i.e., a fact of the case) to be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(A)-(B); see Evans v. Jeff Wyler Chrysler Jeep Dodge Ram of Springfield, 2018-Ohio-1726, 111 N.E.3d 901, ¶ 26 (2d Dist.). Judicial notice is mandatory when a party requests notice of an appropriate fact and gives the trial court the necessary information. Evid.R. 201(D); State v. Reed, 2d Dist. Montgomery No. 28272, 2019-Ohio-3295, ¶ 18. A court can also take judicial notice of a matter sua sponte. Evid.R. 201(C).

**{¶ 14}** While it has not always been the case, we have stated that a court "may appropriately take notice of judicial opinions and public records that are accessible via the internet." *State v. Lewis*, 2d Dist. Montgomery No. 28962, 2021-Ohio-1895, ¶ 49, fn. 7, citing *State v. Carr*, 2d Dist. Montgomery No. 28360, 2020-Ohio-42, ¶ 4, fn. 2; *State v. Beverly*, 2016-Ohio-8078, 75 N.E.3d 847, ¶ 34 (2d Dist.) (judicial notice may be taken of findings and judgments as rendered in other Ohio proceedings and public records available on the internet). Because C.S.'s Miamisburg Municipal Court theft case is readily available on the internet and properly suggested by the State, we must take notice of the proceeding.

**{¶ 15}** The gravamen of the State's argument is that, because C.S. had a criminal proceeding pending, he was statutorily ineligible to have his record sealed, and the trial court therefore lacked jurisdiction to grant C.S.'s application. That argument is right if C.S.'s case was still pending at the time the trial court granted his application to seal, and a close look at the judicially-noticed proceeding confirms the State's proposition.

**{¶ 16}** According to the Miamisburg Municipal Court's online docket, C.S. was charged on September 14, 2020, with theft. After initially pleading not guilty, C.S. changed his plea to guilty of a lesser-degree misdemeanor and was convicted; he was sentenced on October 15, 2020 – eight days before the trial court in this case rendered its decision to seal his records. Because C.S. was found guilty and sentenced, in other words, convicted, prior to the trial court's granting his application, counsel for C.S. maintained at oral argument that he did not have a pending criminal proceeding at the time of the trial court's order. *See State v. Floyd*, 2018-Ohio-5107, 126 N.E.3d 361, ¶ 8 (1st Dist.) (once a defendant has been convicted, the criminal proceeding is no longer pending, and the

judgment is final).

{¶ 17} Even though the Miamisburg Municipal Court rendered a disposition in C.S.'s case in October 2020, the proceedings have been on-going. For instance, according to the online docket, there were status hearings scheduled and then canceled on November 12 and 20, 2020, and it appears there was a status conference on January 19, 2021. A few months later, on April 8, 2021, the case was set for attorney general collections because C.S. evidently failed to comply with court orders, and then on May 24, 2021, the attorney general collections were canceled after C.S. paid a delinquent bond of $495. Finally, on July 15, 2021, the court received the payment. In sum, C.S.'s case has been active since the fall of 2020.

{¶ 18} Under these facts, the First District would likely hold that C.S.'s municipal court case was no longer pending because he had been found guilty and his sentence imposed. The Tenth and Seventh Districts, however, would take the opposite stance. In *State v. J.M.S.*, 2019-Ohio-3383, 142 N.E.3d 142 (10th Dist.), the applicant filed to seal records after two cases were dismissed upon the completion of treatment in lieu of conviction. However, the applicant had another case in which he was serving community control. The *J.M.S.* court concluded that the applicant was not eligible to seal because "a community control violation results in an additional sentencing hearing in the original case which, therefore, remains pending. The judgment is still being executed. Because the court retains jurisdiction for the duration of the community control sanction, the case remains pending." *J.M.S.* at ¶ 16. *Accord State v. Jones*, 7th Dist. Mahoning No. 20 MA 0078, 2021-Ohio-2499 ("Since a trial court retains jurisdiction over a community control sanction that is currently being served by a defendant, the underlying criminal case upon

which that community control is based remains pending. It therefore constitutes a 'criminal proceeding' that is 'pending against the person.' ").

{¶ 19} While C.S.'s case and the ones cited from the Tenth and Seventh Districts are not identical, we believe the analytical framework used by those Courts to be correct. When a criminal proceeding remains active, as in this case, it remains "pending against the person" because there has not been finality to the disposition in the matter for purposes of sealing the record. Accordingly, the trial court did not have jurisdiction to grant C.S.'s application, and C.S. was ineligible to have his records sealed under R.C. 2953.52.

B.     Interests of C.S. v. Interests of the State

{¶ 20} Having reached the conclusion that C.S. did have a pending criminal proceeding, and therefore finding that the trial court lacked jurisdiction to grant the application, there is no need to analyze whether the trial court abused its discretion in weighing the interests of the parties. The assignment of error is sustained.

III.     Conclusion

{¶ 21} The trial court did not have jurisdiction to grant the application to seal, and its judgment will be reversed.

. . . . . . . . . . . . .

TUCKER, P. J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
Michael W. Hallock, Jr.
Hon. Richard S. Skelton