[Cite as *State v. L.M.*, 2025-Ohio-3076.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                        No. 115024

    v.                           :

L.M.,                                   :

    Defendant-Appellant.         :

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 28, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-06-484096-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tyler W. Blair, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Appellant L.M. appeals the trial court's determination that she was ineligible for expungement of certain fourth- and fifth-degree felony convictions. More specifically, appellant challenges the trial court's ruling that she was ineligible

to have those convictions expunged because her record also contained third-degree felony convictions. The State agrees with appellant's interpretation of the expungement statute on that specific issue, but it further contends that appellant was nevertheless ineligible for an expungement because she had a pending criminal case with an open arrest warrant, an uncontested disqualifier cited by the trial court at the hearing. We find that appellant was ineligible for expungement because of her open criminal case, and therefore we affirm the trial court's judgment on those narrow grounds.

## I. Facts and Procedural History

{¶ 2} On October 29, 2024, appellant filed a motion to expunge four lower-level felony convictions, namely, convictions for theft under R.C. 2913.02 and forgery under R.C. 2913.31, both felonies of the fourth degree, and two additional convictions for forgery under R.C. 2913.31, both felonies of the fifth degree. Appellant had pled guilty to the referenced offenses in 2007. Her record included additional convictions for which she did not seek expungement or record sealing, including two felonies of the third degree in different cases, other fourth- and fifth-degree felonies, and misdemeanor convictions.

{¶ 3} On February 2, 2025, the trial court ordered an expungement-investigation report and scheduled the matter for an April 14, 2025 hearing. The State filed a brief on April 3, 2025, representing to the trial court that the offenses were "eligible for expungement pursuant to" R.C. 2953.32. In its brief to the trial court, the State noted that according to the expungement-investigation report,

appellant "has no pending criminal proceedings[.]"  It is not clear from the record when or how the trial court learned that appellant had a pending criminal case at the time of the expungement hearing.  As discussed below, however, that fact is not disputed.

{¶ 4} Appellant did not appear for the expungement hearing.  The trial court observed during the hearing that appellant's record included "four felonies of the third degree" and also that appellant "has an outstanding warrant out of the Cleveland Heights Municipal Court for larceny."  The trial court denied the motion for expungement, stating: "I'm going to deny [appellant's motion] as failure to appear and not eligible."  (Tr. 4.)  The corresponding journal entry, docketed the same day as the hearing, indicates appellant "is not eligible."

{¶ 5} This timely appeal followed.

## II. Assignment of Error

{¶ 6} Appellant presents a single assignment of error for our review:

> The trial court erred in finding that Appellant was not eligible for an expungement.

We overrule appellant's assignment of error and affirm the trial court's judgment. We limit our opinion, however, to appellant's ineligibility for expungement at the time of the hearing because of her pending larceny case and the corresponding warrant for her arrest.

## III. Analysis

{¶ 7} Generally speaking, a trial court's decision to grant or deny an expungement is reviewed for abuse of discretion.  *State v. B.J.*, 2018-Ohio-5358, ¶ 9

(8th Dist.). The applicability of the statute, however — i.e., statutory interpretation — is a question of law subject to de novo review. *Id.* In deciding whether an individual applicant is eligible for record sealing or expungement, R.C. 2953.32(D)(1)(b) requires the court, at the hearing, to "[d]etermine whether criminal proceedings are pending against the applicant[.]" An individual is eligible only if, inter alia, "the court determines, after complying with division (D)(1) . . . that no criminal proceeding is pending against the applicant." R.C. 2953.32(D)(2). *See also State v. J.M.S.*, 2019-Ohio-3383, ¶ 16 (10th Dist.) (applicant ineligible where criminal proceedings are pending against applicant); *State v. C.S.*, 2021-Ohio-2858, ¶ 11 (2d Dist.) ("If pending proceedings are discovered, the court cannot grant the application.").

{¶ 8} The trial court noted on the record that appellant "has an outstanding warrant out of the Cleveland Heights Municipal Court for larceny." (Tr. 4.) Appellant does not contest this on appeal, and in fact concedes at page 5 of her brief that she has an "open case" and on pages 1-2 that she "has an outstanding warrant[.]" This disqualifies appellant from eligibility for expungement under the terms of the statute. Nowhere in her brief does appellant suggest she is eligible for expungement despite the disqualifying factor. Accordingly, appellant's sole assignment of error is overruled.[1]

---

[1] The trial court also noted appellant's failure to appear at the hearing, and the State suggests this may constitute an alternative basis for affirming the trial court's decision. We are reluctant to embrace that argument, however, because the journal entry scheduling the expungement hearing did not notify appellant that the trial court would deny the application if she failed to appear. *See, e.g., State v. Delgado*, 2015-Ohio-5256, ¶ 16 (8th

{¶ 9} We acknowledge that, based upon the transcript, the trial court also appears to have found appellant statutorily ineligible for expungement because of her third-degree felonies. Appellant argues that contrary to the trial court's view, R.C. 2953.32(A)(1) permits the expungement of fourth- and fifth-degree felony convictions where the applicant also has one or more third-degree felony convictions. The State agrees with appellant's interpretation of the statute, devoting much of its brief to arguing that neither the trial court nor this court should inquire into legislative intent and that the trial court "erred because a plain reading of the statute permits expunging the lower-level felonies." (State's brief at p. 5.)

{¶ 10} The State nevertheless argued, correctly, that we should find appellant ineligible for expungement because of her pending criminal case and therefore affirm the trial court's judgment, deciding the case "on the narrow grounds that [a]ppellant is ineligible." (State's brief at p. 2.) Because we agree that appellant was ineligible for expungement because of that specific and uncontested disqualifier, this resolves appellant's sole assignment of error, which references only eligibility. We therefore adhere to the "'cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more.'" *Juergens v. House of Larose, Inc.*, 2019-Ohio-94, ¶ 35 (8th Dist.), quoting *Meyer v. UPS*, 2009-Ohio-2463, ¶ 53. *See also Allied Health & Chiropractic, LLC v. State*, 2024-Ohio-1976,

---

Dist.). Moreover, it appears from the trial transcript that appellant's counsel appeared and was not offered the opportunity to waive his client's presence for purposes of the hearing. Finally, but most importantly, we can resolve the assignment of error without addressing this rationale for the court's denial of the expungement application.

¶ 51 (8th Dist.). The parties' apparently harmonious interpretation of the statute may be raised with the trial court in connection with any subsequent applications for expungement in this or other cases.[2]

**{¶ 11}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

DEENA R. CALABRESE, JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

---

[2] The pending case *State v. D.L.L.*, 8th Dist. Cuyahoga No. 115025, referenced in appellant's brief, presents a virtually identical statutory-interpretation question without the complicating factor of a separate basis for ineligibility. In that case, unlike the present appeal, the State, albeit without filing a notice of conceded error pursuant to Loc.App.R. 16(B) at the time of this opinion, in its brief urges reversal of the trial court's ruling denying D.L.L. an expungement and a remand for further proceedings.