[Cite as *Euclid v. R.C.*, 2026-Ohio-457.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| CITY OF EUCLID, | : | |
| Plaintiff-Appellee, | : | No. 115182 |
| v. | : | |
| R.C., | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** February 12, 2026

Civil Appeal from the Euclid Municipal Court
Case No. 23 CRB 00522

***Appearances:***

Mary Riley Casa, City of Euclid Prosecuting Attorney, and
Mary Catherine Mason, Assistant Prosecuting Attorney,
*for appellee.*

Berkman, Gordon, Murray & DeVan and William C.
Livingston, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant R.C. appeals from the trial court's denial of his application to expunge the record of his minor-misdemeanor conviction. Upon

review, we vacate the trial court's judgment and remand the matter for further proceedings consistent with this opinion.

{¶ 2} On September 20, 2023, appellant was convicted of attempted disorderly conduct, a minor misdemeanor in violation of Euclid Cod.Ord. 545.04(a)(1) and 501.21. The trial court imposed a fine and costs, which were paid by appellant the same day.

{¶ 3} On August 22, 2024, appellant filed an application to seal and expunge record pursuant to R.C. 2953.32. A hearing was held October 22, 2024, whereupon the trial court concluded that appellant was eligible for "sealing" of the record, but the court questioned whether "expungement" is permitted. The trial court allowed supplemental briefing on the issue to be filed, and appellant amended his application to solely request an expungement of his record of conviction. Following further hearing, the trial court denied appellant's application in a judgment entry issued on May 2, 2025.

{¶ 4} In the judgment entry, the trial court determined that because appellant's application is premised upon R.C. 2953.32, the definition of "expunge" under R.C. 2953.31(B)(1) applies, which the trial court found "means the expungement process described [in R.C. 2953.32] and does not permit the physical destruction of records." The trial court further found that a conflict exists and because expungement is not a substantive right, "the Ohio Rules of Superintendence provisions mandating the retention of records prevail over the Ohio Revised Code Provisions permitting expungement"; and "[t]herefore, the records at issue in this

matter may not be expunged in violation of the Ohio Rules of Superintendence." Finally, the trial court found an expungement of appellant's record would be against public policy, referencing the public's interest in the right of access to the record of proceedings.

{¶ 5} Appellant timely appealed. Under his sole assignment of error, appellant claims the trial court erred in denying his motion to expunge the record of his minor-misdemeanor conviction.

{¶ 6} We apply a de novo review to issues involving statutory interpretation of the relevant statutes. *See State v. VanWey*, 2023-Ohio-3116, ¶ 16 (5th Dist.). The Supreme Court of Ohio has held that "the statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. Lasalle*, 2002-Ohio-4009, ¶ 19. As such, the version of R.C. 2953.32 that was effective from October 3, 2023, to March 19, 2025 ("former R.C. 2953.32") is applicable in this matter.

{¶ 7} R.C. 2953.32 governs the "sealing or expungement" of a record of conviction in Ohio. As provided under former R.C. 2953.32(B)(1), "an eligible offender may apply to the sentencing court if convicted in this state . . . for the sealing *or expungement* of the record of the case that pertains to the convictions, except for convictions listed in division (A)(1) of this section." (Emphasis added.) Upon the filing of a proper application at the time specified under former R.C. 2953.32(B), the trial court must hold a hearing in compliance with former R.C. 2953.32(C) and make the requisite determinations and considerations under former

R.C. 2953.32(D)(1). Pursuant to former R.C. 2953.32(D)(2), if the trial court makes certain determinations after complying with former R.C. 2953.32(D)(1), then the trial court, with limited exception, "shall order all official records of the case that pertain to the conviction . . . expunged . . . and . . . all index references to the case that pertain to the conviction . . . deleted[,]" and "[t]he proceedings in the case that pertain to the conviction . . . shall be considered not to have occurred and the conviction . . . shall be . . . expunged[.]"  Former R.C. 2953.32(D)(2)(a) and (b).

{¶ 8} The term "expunge" is defined under R.C. 2953.31(B)(1) to mean "the expungement process described in [R.C. 2953.32], *including the authority described in division (D)(5) of that section*." (Emphasis added.)  Former R.C. 2953.32(D)(5) provides as follows:

> Notwithstanding any other provision of the Revised Code to the contrary, when the bureau of criminal identification and investigation receives notice from a court that the record of a conviction or bail forfeiture has been expunged under this section, the bureau of criminal identification and investigation shall maintain a record of the expunged conviction record for the limited purpose of determining an individual's qualification or disqualification for employment in law enforcement. *The bureau of criminal identification and investigation shall not be compelled by the court to destroy, delete, or erase those records so that the records are permanently irretrievable.* These records may only be disclosed or provided to law enforcement for the limited purpose of determining an individual's qualification or disqualification for employment in law enforcement.
>
> *When any other entity other than the bureau of criminal identification and investigation receives notice from a court that the record of a conviction or bail forfeiture has been expunged under this section, the entity shall destroy, delete, and erase the record as appropriate for the record's physical or electronic form or characteristic so that the record is permanently irretrievable.*

(Emphasis added.)

{¶ 9} The plain and unambiguous language of former R.C. 2953.32 shows that the expungement process described therein results in the deletion of all official records of the case and requires the entities receiving notice, other than the bureau of criminal investigation, to "destroy, delete, and erase the record[s]" so that the records are "permanently irretrievable." As recently explained by the First District Court of Appeals in *State v. N.S.*, 2025-Ohio-5166, ¶ 19 (1st Dist.):

> Expungement and record sealing are both governed by R.C. 2953.32 but provide different forms of relief. Expungement "results in deletion, making all case records 'permanently irretrievable.'" [*State v. R.S.*, 2022-Ohio-1108, ¶ 9], quoting *State v. Aguirre*, 144 Ohio St.3d 179, [181, fn. 2.] There is an exception to this permanent irretrievability; if the court grants expungement, the bureau of criminal investigation is the only entity entitled to maintain a record "for the limited purpose of determining an individual's qualification or disqualification for employment in law enforcement." R.C. 2953.32(D)(5). Sealing records, in contrast, "simply provides a shield from the public's gaze [and limits] inspection of sealed records of conviction to certain persons for certain purposes." *R.S.* at ¶ 9; *see* R.C. 2953.32(D).

{¶ 10} In this case, we conclude that the trial court's determination that R.C. 2953.32 does not permit the physical destruction of records was contrary to the plain and unambiguous language of R.C. 2953.32. The trial court failed to apply the statute as written.

{¶ 11} Further, the trial court erred in determining that the Ohio Rules of Superintendence provisions relating to the retention of records prevail over the statutory provision. As this court has previously recognized, the "rules of superintendence are merely guidelines and do not have the force and effect of statutory law." *M.K. v. R.K.*, 2023-Ohio-3475, ¶ 29 (8th Dist.), quoting *O'Malley v.*

*O'Malley*, 2013-Ohio-5238, ¶ 56 (8th Dist.); *see also State v. Ventura*, 2016-Ohio-5151, ¶ 24 (1st Dist.). Indeed, as argued by appellant, the Ohio Rules of Superintendence, which are promulgated under the authority of Section 5(A)(1), Article IV of the Ohio Constitution, do not have the same force or effect as the rules of practice and procedure, which are promulgated under Section 5(B), Article IV of the Ohio Constitution. *See State v. Smith*, 47 Ohio App.2d 317, 328 (8th Dist. 1976). Thus, though the sealing or expungement of a record of conviction is a privilege, not a right, a trial court has the authority to grant an expungement when an applicant meets all the requirements for eligibility set forth in R.C. 2953.32 and the court makes the requisite determinations.

{¶ 12} We also find the trial court erred in finding that an expungement of appellant's record is *per se* against public policy. Pursuant to former R.C. 2953.32(D)(1)(f), the trial court was required to "[w]eigh the interests of the applicant in having the records pertaining to the applicant's conviction . . . expunged against the legitimate needs, if any, of the government to maintain those records[.]" As the Supreme Court of Ohio has expressed, "[I]t is the role of the legislature to address the statutory scheme on sealing records," and "[a] court may not deviate from the requirements of a statute simply because it would prefer that the statute had been written differently." (Cleaned up.) *State v. G.K.*, 2022-Ohio-2858, ¶ 27.

{¶ 13} Accordingly, the trial court erred as a matter of law in denying appellant's application to expunge the record of his minor-misdemeanor conviction. We are not persuaded by the city's arguments otherwise. If we followed the

misguided logic of the city and the trial court, no expungement would be valid until the records retention time had lapsed under the Ohio Rules of Superintendence. That clearly was not the legislative intent under R.C. 2953.32, which is controlling.

{¶ 14} The first assignment of error is sustained. Since the trial court's determination was based on an improper interpretation of the statute, we remand the matter to the trial court to conduct further proceedings consistent with this opinion and to engage in the required analysis under R.C. 2953.32.

{¶ 15} Judgment vacated, and case remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)