[Cite as *Bedford Hts. v. T.N.S.*, 2026-Ohio-2325.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| CITY OF BEDFORD HEIGHTS, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 115751 |
| v. | : | |
| T.N.S., | : | |
| Defendant-Appellant. | : | |

———

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** June 18, 2026

———

Civil Appeal from the Bedford Municipal Court
Case No. 15CRB02227B

———

***Appearances:***

The Legal Aid Society of Cleveland, Matthew L. Alden,
and Bilal R. Mozaffar, *for appellant.*

TIMOTHY W. CLARY, J.:

{¶ 1} Defendant-appellant T.N.S. appeals from the trial court's denial of her application to expunge the record of her criminal damaging conviction and the dismissal of a theft charge. For the following reasons, we vacate the trial court's judgment and remand for further proceedings consistent with this opinion.

**Factual and Procedural History**

{¶ 2} On May 10, 2016, T.N.S. was convicted of criminal damaging, a misdemeanor in violation of R.C. 2909.06(A)(1); a separate theft charge was dismissed. The court imposed a $250 fine, ordered T.N.S. to pay court costs and serve 30 days in jail, and suspended the fine and jail time. The court also placed T.N.S. on six months of active probation. T.N.S. paid her court costs, and the court terminated her probation in February 2018.

{¶ 3} On July 18, 2025, T.N.S. filed an application to expunge records pursuant to R.C. 2953.32. The court held a hearing on the application to expunge on September 23, 2025. The city did not oppose T.N.S.'s application, and nothing in the record indicates that the probation department opposed T.N.S.'s application.[1] The record also indicates that the victim was notified of T.N.S.'s application and hearing and did not appear at the hearing or otherwise object to the application. The court briefly inquired as to T.N.S.'s reasons for filing the application and then stated that it was going to seal T.N.S.'s conviction. The following exchange took place between the court and T.N.S.'s counsel:

> THE COURT: Defendant's motion to seal the record is granted. So that's a good thing. We're going to seal the dismissal and the conviction.

---

[1] The court noted that the probation department had performed a background check and its recommendation was included in the file but did not otherwise address the recommendation on the record. The probation department's "sealing of records report" included in the record in this case stated, in relevant part: "The Probation Department has made the necessary inquiries with the Cuyahoga Regional Information System, The State of Ohio Bureau of Criminal Investigation and the local police department in the petitioner's city of residence. In the attached form, inquiries indicate that despite one or more convictions, that eligibility for Sealing of the Records appears to be favorable."

DEFENSE COUNSEL: I appreciate that, Your Honor. I think she did ask for it to be expunged, and that's what we would request that the order reflect.

THE COURT: I know. I know. I don't know if you've — but we just do sealing here —

DEFENSE COUNSEL: I understand.

THE COURT: — and we've done this detailed analysis, and the fear is that there's some ambiguity in the statutes and once we expunge, there's no taking it back, so we're sealing.

DEFENSE COUNSEL: Right.

THE COURT: If the law changes going forward, and it's clear that we can truly — so what that means for you is that if the general public will not be able to see this stuff, we're sealing the records. So it should be okay if you try — the only individuals that can see it would be the police, meaning don't get in trouble, it won't be a problem —

T.N.S.: Yeah.

THE COURT: — going forward. Okay. So you're still going to be protected. Is it as good as expunging? No. But sealing is what's available today, maybe you can expunge it tomorrow — I mean, not literally, but it's the law which is clarified. Did I answer that?

DEFENSE COUNSEL: It did. I just wanted that on the record. I appreciate it. Thank you.

(Tr. 7-8.)

{¶ 4} The court issued two corresponding journal entries. The first granted T.N.S.'s "Motion for Order to Seal the Record of Arrest, Prosecution and Dismissal pursuant to Ohio Revised Code Section 2953.33(A)(1)" related to the dismissed theft charge. The second granted T.N.S.'s "Motion for Order to Seal the Record of Conviction as an Eligible Offender pursuant to Ohio Revised Code Section 2953.32" related to the criminal-damaging conviction.

**{¶ 5}** T.N.S. appealed. She now raises one assignment of error for our review:

> The trial court erred in refusing to grant Appellant's request for Expungement.

**Law and Analysis**

**{¶ 6}** In her sole assignment of error, T.N.S. argues that the trial court erred where it cited its own policy in refusing to grant her application to expunge. T.N.S. argues that she was eligible for expungement and nothing in R.C. 2953.32 permits a trial court to impose a blanket policy of only sealing records where an applicant applies for and is eligible for expungement.

**{¶ 7}** Generally, we review a trial court's disposition of an application for expungement under an abuse-of-discretion standard. *N. Olmsted v. J.S.*, 2025-Ohio-1460, ¶ 7 (8th Dist.), citing *State v. M.E.*, 2018-Ohio-4715, ¶ 6 (8th Dist.). The applicability of the statute, however, is a question of law subject to de novo review. *State v. L.M.*, 2025-Ohio-3076, ¶ 7 (8th Dist.), citing *State v. B.J.*, 2018-Ohio-5358, ¶ 9 (8th Dist.). Because we are reviewing the trial court's application and interpretation of R.C. 2953.32, we review de novo.

**{¶ 8}** Expungement and record sealing are both governed by R.C. 2953.32 but provide different forms of relief. Specifically, expungement "'results in deletion, making all case records "permanently irretrievable."'" *State v. N.S.*, 2025-Ohio-5166, ¶ 19 (1st Dist.), quoting *State v. R.S.*, 2022-Ohio-1108, ¶ 9 (1st Dist.), quoting *State v. Aguirre*, 2014-Ohio-4603, ¶ 36. In contrast, sealing records "'simply

provides a shield from the public's gaze [and limits] inspection of sealed records of conviction to certain persons for certain purposes.'" *Id.*, quoting *id.*

{¶ 9} R.C. 2953.32 permits courts to seal or expunge records following a conviction except as set forth under R.C. 2953.32(A)(1) and 2953.61. Under R.C. 2953.32(C), when an offender files an application to expunge their record of conviction, the trial court must set the matter for a hearing to be held between 45 and 90 days after the filing of the application. At the hearing the court shall:

(a) Determine whether the applicant is pursuing sealing or expunging a conviction of an offense that is prohibited under division (A) of this section or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case, and determine whether the application was made at the time specified in division (B)(1)(a) or (b) or division (B)(2)(a) or (b) of this section that is applicable with respect to the application and the subject offense;

(b) Determine whether criminal proceedings are pending against the applicant;

(c) Determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (C) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) If the victim objected, pursuant to the Ohio Constitution, consider the reasons against granting the application specified by the victim in the objection;

(f) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed or expunged against the legitimate needs, if any, of the government to maintain those records;

(g) Consider the oral or written statement of any victim, victim's representative, and victim's attorney, if applicable;

(h) If the applicant was an eligible offender of the type described in division (A)(3) of section 2953.36 of the Revised Code as it existed prior to the effective date of this amendment, determine whether the offender has been rehabilitated to a satisfactory degree.

R.C. 2953.32(D)(1).

{¶ 10} The record in this case reflects that T.N.S.'s application for expungement was properly made, that no criminal proceedings were pending against T.N.S., that she has been rehabilitated, that neither the prosecutor nor the victim made any objection to her application for expungement, and that her interests in expungement outweighed any government interest in maintaining the records. The trial court inquired of T.N.S. as to her rehabilitation and subsequently made findings in support of sealing T.N.S.'s records in its corresponding journal entries. Because the trial court's findings in support of sealing the records are the same findings required for granting an application for expungement and T.N.S. made an application for expungement, the trial court was required to grant her application for expungement after finding that all the requisite factors were met. *State v. N.S.*, 2025-Ohio-5166, ¶ 25 (1st Dist.).

{¶ 11} The trial court's purported reliance on a policy of sealing records rather than expunging them, even where an applicant makes an application for expungement and satisfies the statutory requirements, is erroneous. The trial court cited an ambiguity in the statute. "Ambiguity exists only if the language of a statute is susceptible of more than one reasonable interpretation." *State v. E.K.*, 2024-Ohio-5496, ¶ 12 (10th Dist.), citing *State ex rel. Toledo Edison Co. v. Clyde*, 1996-Ohio-376, ¶ 24. The Supreme Court of Ohio and this court have held that "'it is the

role of the legislature to address the statutory scheme on sealing records' and '[a] court may not deviate from the requirements of a statute simply because it would prefer that the statute had been written differently.'" *Euclid v. R.C.*, 2026-Ohio-457, ¶ 12 (8th Dist.), quoting *State v. G.K.*, 2022-Ohio-2858, ¶ 27. The trial court's blanket policy against expungement was an improper deviation from the statute.

{¶ 12} Accordingly, the trial court erred in denying T.N.S.'s application for expungement and instead exclusively sealing her records. T.N.S.'s sole assignment of error is sustained. We vacate the judgment of the trial court and remand the case for the trial court to grant T.N.S.'s application for expungement of her records related to her criminal damaging conviction and the dismissal of her theft charge.

{¶ 13} Judgment reversed and vacated and case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Bedford Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIMOTHY W. CLARY, JUDGE

DEENA R. CALABRESE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR